UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN PAUL HEIDINGS,
INDIVIDUALLY AND AS PARENT
AND NEXT FRIEND OF A.H., A
MINOR CHILD;

       Plaintiff,

      v.

JOHN MCGOWAN, IN HIS
INDIVIDUAL CAPACITY;
AMANDA LEVY-REIS, IN HER
INDIVIDUAL CAPACITY;
RUSSELL T. KIRSHY, IN HIS
INDIVIDUAL CAPACITY; AND
COLLIER COUNTY, FLORIDA,

       Defendants.

Case No. 2:26-cv-63-KCD-NPM

_____/

## ORDER

The Court entered an order instructing Plaintiff to file a completed long-form IFP application (AO Form 239) or face dismissal. (Doc. 8). The deadline passed without an application. Ignoring the Court's orders is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of

prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff was warned that failure to pay file a long-form application would result in dismissal. (Doc. 8.) Accordingly, it is now **ORDERED**:

1.     Plaintiff's claims are dismissed without prejudice for failure to prosecute.

2.     The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on March 2, 2026.

Kyle C. Dudek
United States District Judge

2